**Kenneth D. HAJEK, Plaintiff–Appellant,**

v.

**BURLINGTON NORTHERN SANTA FE RAILROAD COMPANY; Montana Rail Link, Inc., Defendants–Appellees.**

No. 99–36170.

D.C. No. CV–96–00119–JDS.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 8, 2001.

Decided July 31, 2001.

Before BROWNING, WALLACE, and T.G. NELSON, Circuit Judges.

MEMORANDUM *

■ Hajek appeals summary judgment for defendant railroads on the ground that his claims were barred by the statute of limitations. The sole issue is whether Hajek should have reasonably suspected prior to July 17, 1993, that his chronic back condition was linked to the heavy lifting his job with the railroads required.

■ Claims based upon medical injury accrue when the plaintiff has actual or constructive knowledge of his injury and its cause. *Urie v. Thompson,* 337 U.S. 163, 170, 69 S.Ct. 1018, 93 L.Ed. 1282 (1949); *Winter v. United States,* 244 F.3d 1088, 1090 (9th Cir.2001). Hajek's knowledge of his injury prior to July 1993 is beyond dispute. Two different chiropractors reached a tentative diagnosis of de-

generative disc disease prior to 1993, and an X-ray confirmed the diagnosis. Dr. Gardner testified that in 1992 he explained to Hajek both the X-ray findings and his diagnosis. Hajek did not rebut this testimony.

The only question, therefore, is whether Hajek should have suspected his back problem was linked to his work. It is common knowledge that lifting heavy objects can cause back problems, and Hajek's job involved a lot of heavy lifting. Dr. Miller, who was the primary chiropractor treating Hajek's pre–1993 back pain, recognized the connection between Hajek's work and his back pain as early as 1987, when he equipped Hajek with a back support to wear on the job. Once it became evident that Hajek was suffering from a chronic condition identified with disc degeneration, Dr. Miller testified that he "was pretty sure that we probably did discuss" the link between Hajek's work and his back condition. Although Dr. Gardner never inquired into the nature of Hajek's work, his testimony indicates that he most likely explained that heavy lifting could be a cause of Hajek's disc degeneration.

Hajek points to evidence linking almost all of his pre–1993 back complaints to injuries off the job. However, the immediate trigger of Hajek's pain during these episodes is irrelevant because Hajek's lawsuit is premised on the theory that his years of railroad work caused gradual disc degeneration. As of 1992, Hajek knew of this degeneration. His claim to have believed his back pain was merely the result of recurrent strains that resolved upon treatment is thus untenable.

Hajek argues that his chiropractors never reached a definitive diagnosis, but it is enough that Hajek knew his work was a possible cause of his injury to trigger a

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

duty to investigate his work conditions and pursue potential claims. *See Matson v. Burlington N. Santa Fe R.R.,* 240 F.3d 1233, 1236 (10th Cir.2001) (FELA plaintiff need not know of specific causation to begin running of statute of limitations). Indeed, the link between Hajek's work and his disc degeneration is no more certain today than it was in 1992, and Hajek was no less capable of investigating this link then than now. The only thing that has changed is the severity and certainty of his injury. Permitting Hajek to bring his claim under these circumstances would run contrary to the requirement that plaintiffs diligently pursue their claims upon inquiry notice. *See United States v. Kubrick,* 444 U.S. 111, 123, 100 S.Ct. 352, 62 L.Ed.2d 259 (1979).

Hajek's knowledge of his disc disease and its possible connection to his railroad work prior to 1993 forecloses any possibility that a reasonable jury could find his claims timely. Therefore, summary judgment for the railroads is AFFIRMED.